## Case No. 17,714.

### WILLIAMS et al. v. BARRETT.

[2 Cranch, C. C. 673.] [1]

Circuit Court, District of Columbia. May 24, 1826.

DOWER—GUARDIAN AND WARD—WASTE.

1. The widow is not entitled to dower in lands of which her husband died possessed, but to which he had no legal title, although he had paid the whole purchase-money.

2. A guardian is liable for waste, and entitled to credit for permanent improvements, and the education of the children.

Bill in equity by the heirs of Walter B. Smallwood against Richard Barrett, who married the widow of Smallwood and the mother and guardian of his heirs, whom he, Barrett, has survived. It states that Smallwood, in his lifetime, contracted to purchase certain land of Murdoch, and held the same, under that contract, at the time of his death, not having received a legal conveyance of the same. That the annual value of Smallwood's real estate was ascertained by the orphans' court in 1816. That Barrett, in settling his guardianship account with the orphans' court, deducted one third of the rents received of the real estate, including that purchased of Murdoch, in right of his wife's dower in the same, amounting to $733.33, which he had no right to do, because she was not entitled to dower in lands of which her husband was never seized in law of an estate of inheritance during the coverture. The bill also charges Barrett with waste. It avers that, upon a bill filed by Murdoch's heirs, the contract for the sale of the land to Smallwood was rescinded, and the purchase-money refunded to J. W. Baker, the administrator de bonis non of Smallwood, and in that suit the waste was considered by the court equivalent to fourteen years' interest of the purchase-money, (which was $1,176.93,) refunded by Murdoch's heirs. The bill calls upon Barrett to account for the rents and the waste; and prays injunction against Baker, to restrain him from paying any part of the purchase-money ($1,176.93) to Barrett, who had brought suit

1 [Reported by Hon. William Cranch, Chief Judge.]

against him for one third of that purchase-money.

The cause having been set for hearing upon the bill, answer, replication, exhibits, depositions and other evidence in the cause, the principal question argued was, whether the widow was entitled to dower in the lands purchased by her husband of Murdoch, and of which her husband was possessed at the time of his death, but to which he had no legal title, although he had paid the purchase-money.

Mr. Redin, for plaintiffs, to show that she was not entitled to dower, cited the following authorities: 1 Madd. 365, 371; D'Arcy v. Blake, 2 Schoales & L. 388, 389; Chaplin v. Chaplin, 3 P. Wms. 229; Attorney General v. Scott, Cas. t. Talb. 138; Godwin v. Winsmore, 2 Atk. 525; Dixon v. Saville, 1 Brown, Ch. 326; Burgess v. Wheate, 1 W. Bl. 123, 138; Claiborne v. Henderson, 3 Hen. & M. 322, 365; Kilty's Report of British Statutes in force in Maryland, 208; Stevens v. Richardson (1824) 6 Har. & J. 156, 162.

R. P. Dunlop, for defendant, cited the following authorities: 1 Madd. 362; Sugd. Vend. 120; 1 Cruise, Real Estate, 490; 2 Tuck. Bl. Comm. 131; Banks v. Sutton, 2 P. Wms. 700, 719; 1 Fonbl. Eq. 22, note; 2 Bl. Comm. 337; Burgess v. Wheate, 1 W. Bl. 160; Shoemaker v. Walker, 2 Serg. & R. 554; Collins v. Torry [7 Johns. 278]; 13 Mass. 227; Dixon v. Saville, 1 Brown, Ch. 326; Fish v. Fish, 1 Conn. 559; Snow v. Stevens, 15 Mass. 278; 6 Johns. 290; Coles v. Coles, 15 Johns. 319; 5 Johns. Ch. 452, 482, 492; 1 Cruise, Dig. 161; Hamilton v. Mohun, 1 P. Wms. 118; 1 Cruise, Dig. tit. 12, c. 3.

In settlement of Barrett's guardianship account, in right of his wife, with the orphans' court, that court allowed him to retain one third of the rents of the land contracted for but not conveyed to her husband. To show that such settlement was not conclusive, the counsel for the plaintiffs cited 6 Har. & J. 156.

This court made the following interlocutory decree, on the 24th of May, 1826, namely: That the auditor take and state an account of all moneys received by the defendant, or for which he is chargeable as guardian, or in right of his late wife Sarah, who was the widow and administratrix of Walter B. Smallwood, deceased, and guardian of his infant children; and state the said guardianship account, giving to the said Barrett, in the said account, all proper credits. But the court was of opinion that his said wife was not entitled to dower in lands to which the said W. B. Smallwood had not, at some time during the coverture, a legal estate; but that he is entitled, in right of his wife, to her distributory share of $1,176.93, being the purchase-money heretofore ordered by this court, in the suit of Smallwood v. Murdoch, to be refunded by the representatives of Murdoch, to the administrator de bonis non of Smallwood, and which this court, by a decree in that cause, ordered to be distributed as personal assets of the said Smallwood. That the auditor, in that account, charge the said Barrett with the value of the waste done by him upon the lands of the heirs of the said Smallwood, and give him credit for all permanent improvements made by him thereon; and for the maintenance and education of the children of the said Smallwood, taking into consideration the kind of maintenance and education which they actually received, and the value of their services.